# In the United States Court of Federal Claims

No. 19-1452T
(Filed: November 21, 2019)

```
*************************************
                                      *
PHIL JACKSON, also known as           *
WILLIAM P. JACKSON,                   *
                                      *
                Plaintiff,            *
                                      *
        v.                            *
                                      *
THE UNITED STATES,                    *
                                      *
                Defendant.            *
                                      *
*************************************
```

## ORDER OF DISMISSAL

On September 19, 2019, Plaintiff, William Jackson, acting *pro se*, filed a complaint with this Court claiming that the Internal Revenue Service ("IRS") placed federal tax liens on Plaintiff's properties in violation of the Fourth Amendment. Compl. at 1–3. Plaintiff alleges that the IRS violated sections 6212 and 6213(a) of the Internal Revenue Code, which require the IRS to provide to the taxpayer a notice of deficiency and a notice of determination before filing a tax lien against the taxpayer's property. *See* Compl. at 1. Plaintiff also alleges that the IRS performed "no assessments" to support the total amount of Plaintiff's outstanding tax liabilities.[1] *Id.* Plaintiff asserts that, as a result of the IRS's actions, he is unable to sell real property encumbered by the federal tax liens and seeks $6,807,588.08 in monetary damages from the United States.[2]  Compl. at 3.

On November 18, 2019, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss, ECF No. 5. The Government argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because: (1) Plaintiff has not fully paid his tax liability for tax years 1998 through 2002; (2) Plaintiff has not filed an administrative claim for refund as to tax years 2005 and 2007; (3) Plaintiff's claim for damages based on alleged unauthorized collection actions, wrongful levy claims, and claims for failure to release a lien, are

---

[1] This suit is nearly identical to Plaintiff's prior suit in this Court, in which the Court found that subject matter jurisdiction was lacking over Plaintiff's tax-refund, tort, or Fifth Amendment claims. *See Jackson v. United States*, 143 Fed. Cl. 242 (2019).

[2] Plaintiff asserts that this amount "was determined by adding up all of the illegal notice of liens that were placed against the plaintiff" by the United States. Compl. at 3.

7018 2290 0000 5183 8242

reserved specifically to the federal district courts; and (4) the Fourth Amendment is not money-mandating.  Def.'s Mot. to Dismiss at 7–9.

### A. Standard of Review

Whether a court has jurisdiction is a threshold matter in every case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  "The party seeking to invoke the [Court of Federal Claims'] jurisdiction must establish that jurisdiction by a preponderance of the evidence."  *Hymas v. United States*, 810 F.3d 1312, 1317 (Fed. Cir. 2016).  "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  RCFC 12(h)(3).

This Court's jurisdiction is generally delimited by the Tucker Act, 28 U.S.C. § 1491.  The Tucker Act limits this Court's jurisdiction to suits "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a).  The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages.  *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976).  Therefore, a plaintiff must identify a "money-mandating" source of law to support a claim for money damages.  *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).  If the claim is not based on a "money-mandating" source of law, then it lies beyond the jurisdiction of this Court.  *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

Furthermore, under the Tucker Act, the Court of Federal has jurisdiction over tax refund suits if certain prerequisites are met.[3]  *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).  First, a plaintiff must satisfy the full payment rule, which requires that the principal tax deficiency be paid in full.  *See Shore v. United States*, 9 F.3d 1524, 1526–27 (Fed. Cir. 1993); *see also Flora v. United States*, 357 U.S. 63, 68 (1958).  Second, the plaintiff must timely file a tax refund claim with the IRS.  *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . .").  Third, the plaintiff must provide the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim when filing suit in the Court of Federal Claims.  RCFC 9(m).  Unless a plaintiff satisfies these prerequisites, the Court of Federal Claims lacks jurisdiction to hear a tax refund suit.

### B. Discussion

#### 1. The Court Lacks Jurisdiction Over Plaintiff's Tax Refund Claims

---

[3] The jurisdiction of the Court of Federal Claims under the Internal Revenue Code is generally limited to the adjudication of tax refund suits.  *Zolman v. United States*, No. 15-1116T, 2015 WL 7266624, at *1 (Fed. Cl. Nov. 12, 2015).

With respect to tax years 1998 through 2002, Plaintiff has not satisfied the full payment rule—the first prerequisite to tax refund jurisdiction. *See Shore*, 9 F.3d at 526–27. As to tax years 2005 and 2007, refund-suit jurisdiction is lacking because Plaintiff failed to file an administrative claim for refund before filing suit. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard."). Therefore, the Court lacks jurisdiction as to these claims, and as such, they must be dismissed.

### 2. The Alleged Constitutional Deprivations Are Not Money Mandating

Plaintiff further alleges that "[the IRS] has not followed proper policies and procedures to acquire the right to put a lien on Plaintiff's person-houses-papers-and effects" and "tried to seize plaintiff's house unlawfully," in violation of the Fourth Amendment. Compl. at 2. However, it is well settled that the Fourth Amendment is not money-mandating. *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997). Therefore, Plaintiff's claims in this regard must be dismissed.

Even if the Court were to construe this allegation as a procedural due process violation, subject matter jurisdiction would still be lacking because the Tucker Act requires that any viable claim be "money mandating." *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Accordingly, the Court lacks jurisdiction to hear Plaintiff's due process claims.

### C. Conclusion

For the reasons set forth above, the Court hereby **GRANTS** the Government's Motion to Dismiss and **DISMISSES** Plaintiff's Complaint.

The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

EDWARD J. DAMICH
Senior Judge